THE LA CROSSE MILLING COMPANY, *a Partnership composed of Joseph Namur, F. H. Davis, and William Work*, v. CARRIE WILLIAMS.

No. 52.

1. REPLEVIN—*Sufficiency of Petition.* Where the petition alleges that the plaintiff is the owner and entitled to the immediate possession of personal property, describing it, and that the defendant wrongfully detains the same from her to her damage, and where there is some evidence tending to prove each of the above allegations, *held,* it is not error for the court to overrule demurrers to the petition and to the evidence.

2. ——— *Sufficient Demand.* Where the petition alleges that "The La Crosse Milling Company" is composed of three persons,

naming them, and the allegation is not denied by affidavit, the persons so named must be considered as composing the firm, and a demand made upon one of them for property in the possession of the firm is a sufficient demand upon the firm for the return of the property.

MEMORANDUM.—Error from Rush district court; V. H. GRINSTEAD, judge.   Action in replevin brought by Carrie Williams against The La Crosse Milling Company.   Judgment for plaintiff, and defendant brings the case here.   Affirmed.   The material facts are stated in the opinion, filed January 17, 1896.

*S. I. Hale,* for plaintiff in error.

*H. L. Anderson,* for defendant in error.

The opinion of the court was delivered by

DENNISON, J : This is an action in replevin brought by Carrie Williams, as plaintiff, against The La Crosse Milling Company, as defendant, to recover the possession of a quantity of wheat, of which she claimed to be the owner and entitled to the immediate possession, and which she alleges was wrongfully detained from her possession by the defendant below.   The case was tried with a jury, and they rendered a verdict in favor of the plaintiff below.   Judgment was rendered thereon against the defendant below, and it brings the case here for review.

The first assignment of error is upon the overruling of the demurrer to plaintiff's petition.   The petition alleges that the plaintiff below is the owner of and entitled to the immediate possession of the wheat, and that the defendant below wrongfully detains the same from her.   The petition also alleges the facts and circumstances which have caused her to be damaged by reason of such detention.   The grounds for the de-

11—2 APP.

murrer are that several causes of action are improperly joined, to wit, an action of replevin and an action for damages and trespass. We may say in the outset that the attorney for the plaintiff in error in his argument stated that many of his assignments of error were technical, and that he relied more particularly upon want of demand. However, the errors are discussed in the briefs of both parties, and, so far as material, we will briefly notice them.

The allegations of ownership, right to the immediate possession, the wrongful detention and the damages for such wrongful detention are not different causes of action improperly joined. On the contrary, they are the proper allegations for the recovery of the possession of personal property and the damages for the wrongful detention, if any damages are claimed. There was no error in overruling the demurrer or the motion to make the petition more definite and certain. There were no objections to the instructions given, and no exceptions taken to the giving thereof; hence they cannot be reviewed by us.

The fourth assignment of error is in the admission of the deposition of Carrie Williams, and in overruling the objection to some of the questions therein. The deposition as a whole seems to be regular, and the plaintiff in error only urges its objection to the testimony of the witness as to her evidence touching the substance of the written contract between her and Mr. Thornell, the owner of the land upon which the wheat was raised. The testimony objected to is as follows :

"Ques. State how you got charge of that land during the years 1890 and 1891. Ans. By lease from Mr. Thornell.

"Q. What kind of a lease had you?" (The defendant objects to the question, for the reasons that it is

incompetent, irrelevant, and immaterial, and not the best evidence, which objection was by the court overruled, and the defendant at the time duly excepted to the ruling of the court.)   "A.  A written lease."

"Q.  Have you the lease to this quarter-section of land which you got from Mr. Thornell?  A.  I have.

"Q.  Will you attach the lease to this deposition, and make it a part of and mark it 'Exhibit A'?  A.  I will."

"The witness produces the lease, which is marked by me 'Exhibit A', and attached hereto and made a part hereof.       WM. JOHNSTONE, *Notary Public.*"

There is not one word in the deposition touching the substance of the lease.

The plaintiff in error also contends that the court erred in admitting a letter written by Mr. Thornell to Mrs. Williams, for the reason that the genuineness of the instrument is not proven.  It was abundantly proven by Mr. Jeffries who testified that he was acquainted with the handwriting of Mr. Thornell, and the letter was in his handwriting.

The fifth assignment of error is in the overruling of the demurrer to the evidence of the plaintiff below. The plaintiff below introduced evidence tending to show that she rented the land upon which the wheat was raised, furnished seed wheat, and had it put in, doing part of the work herself, and hired Jeffries to cut and thrash it, and that she was still the owner of it, and was entitled to the immediate possession thereof, and that the defendant below failed and refused to deliver it to her, and still detained it after due demand had been made upon it by an agent of the plaintiff below.    There was abundant evidence to sustain the plaintiff's petition, and the court committed no error in overruling the demurrer to the evidence.

The plaintiff in error contends that fraud was committed by the defendant in error and Horace Williams

and Mr. Jeffries, in attempting to cover up the property
of Horace Williams so as to place it beyond the reach
of his creditors. This question was properly submitted
to the jury, upon conflicting evidence, and they found
for the defendant in error, and their verdict was ap-
proved by the trial court. It is not our province to
disturb their finding. We do not weigh evidence. If
we did, we might find the facts to be different from
what this jury did. The evidence is not entirely free
from a taint of fraud, but the jury have found that
the transaction was all right, and we, as well as the
plaintiff in error, must submit to their finding.

This brings us to the last assignment of error which
we deem material, and the real contention of the plain-
tiff in error, *i. e.*, that there was no demand made upon
the plaintiff in error for a return of the property, as
required by law. The petition alleges wrongful de-
tention, and also a demand. Mr. Jeffries testified that
he, as agent for the defendant in error, made a demand
for the wheat prior to the commencement of the action,
and that he made his demand in writing, and delivered
it to William Work. A copy of the demand is as fol-
lows :

"LA CROSSE, KAN., July 14, 1891.
"*To the La Crosse Milling Company:* I hereby demand
the wheat belonging to Mrs. Carrie Williams, now in
your possession, on the northeast quarter of section 6,
in township 17, range 18 west of the sixth principal
meridian, in Rush county, Kansas.
R. C. JEFFRIS, *Agent for Carrie Williams.*"

The plaintiff in error contends that Mr. Work had
no interest in the controversy, and was not a member
of the firm of " The La Crosse Milling Company,"
and was only an employee or hired hand. The plain-
tiff in error attempted to prove this by Mr. Work, but
it was not permitted to do so. The petition alleges

that "The La Crosse Milling Company is composed of Joseph Namur, F. H. Davis, and William Work," and the denial of this allegation was not verified by the affidavit of the plaintiff in error, its agent or attorney, as is required by paragraph 4191 of the General Statutes of 1889. Therefore the demand was made upon a member of the firm and is sufficient.

No material error prejudicial to the substantial rights of the plaintiff in error has been committed by the trial court.

The judgment of the district court is affirmed.

All the Judges concurring.